UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CORTEZ DEANGELO THOMPSON,** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**SPM, LLC,** *et al.*, )<br>)<br>Defendants. ) | **Case No.: 2:24-cv-01556-AMM** |

# ORDER

This case comes before the court on a motion to dismiss filed by defendants SPM, LLC; Magic City Living, LLC; Southwood Gardens Apartments; William Welden; Kim Posey; and Eric White. Doc. 9. The motion is fully briefed. Docs. 14, 15. For the reasons explained below, the motion is **GRANTED**.

## I. BACKGROUND

These are the relevant facts viewed in the light most favorable to plaintiff Cortez Deangelo Thompson:

Mr. Thompson "resides at Southwood Gardens Apartments in Birmingham, Alabama." Doc. 4 ¶ 5. According to Mr. Thompson, the "[d]efendants have been repeatedly notified of hazardous mold conditions in [Mr. Thompson's] rental unit but failed to take appropriate remediation steps." *Id.* ¶ 6. His unit was tested for mold and the "results . . . revealed the presence of dangerous mold species, including

Aspergillus spp., Penicillium spp., and Cladosporium spp." *Id.* ¶ 7. Mr. Thompson alleges that he "has incurred substantial medical expenses, property loss, and emotional distress due to Defendants' failure to maintain the property in a habitable condition." *Id.* ¶ 8.

Mr. Thompson's amended complaint includes three counts: (1) "Violation of the Fair Housing Act"; (2) "Negligence"; and (3) "Breach of Contract." *Id.* ¶¶ 11–13. Mr. Thompson seeks "[c]ompensatory damages totaling $600,000," "[p]unitive damages of $300,000," and "[a] court order requiring Defendants to remediate mold and ensure compliance with federal and state housing laws." *Id.* at 3.

Mr. Thompson filed his complaint, and the court ordered him to replead in accordance with the court's instructions. Docs. 1, 3. Mr. Thompson filed his amended complaint, Doc. 4, and the defendants moved to dismiss, Doc. 9.

## II.     LEGAL STANDARD

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not make "detailed factual allegations;" its purpose is only to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, the facts alleged in a complaint must do more than "speculat[e]" or raise "suspicion" about a claim for relief. *Id*. (cleaned up). A

complaint is tested by taking all factual allegations as true, discarding any "conclusory allegations," *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018), and "draw[ing] all reasonable inferences in the plaintiff's favor," *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). These facts and inferences must amount to a "plausible" claim for relief, a standard that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Allegations are conclusory when they "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim." *Id.* at 681. Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010).

### III. DISCUSSION

The defendants' principal argument in the motion to dismiss is that Mr.

Thompson "fails to allege that he was discriminated against because of a protected trait." Doc. 9 at 2. Mr. Thompson "does not cite a particular Fair Housing Act provision that he claims Defendants violated, but rather cites the entire Fair Housing Act, 42 U.S.C. §§ 3601–3619." *Id.* at 3. The defendants explain that the Fair Housing Act "applies to discrimination in the sale or rental of housing." *Id.* The statute makes it unlawful to take certain actions against individuals "because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604. The statute also prohibits certain actions taken because of an individual's handicap. *Id.* Nowhere in Mr. Thompson's complaint does he mention any of those protected classes or allege that the defendants' actions were taken because of those protected classes. *See* Doc. 4. A complaint alleging discrimination under the Fair Housing Act "must allege that the adverse action was taken *because of* a disability and state the facts on which the plaintiff relies to support that claim." *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1222 (11th Cir. 2016). Mr. Thompson's amended complaint does not mention any of the protected classes, let alone allege that the failure to remediate mold was done because of those protected classes.

Mr. Thompson responds by stating that "[t]he mold conditions, refusal to remediate, and health consequences have a disparate and discriminatory impact on tenants, especially those with disabilities or respiratory sensitivities." Doc. 14 at 2. He also states that "[c]ourts have held that substandard housing conditions, if

4

discriminatory or neglectful, can violate [the Fair Housing Act]." *Id.* But he cites nothing to support that statement nor does he allege that he was subjected to discrimination because of membership in a protected class. *See id.*

The defendants reply with a number of unpublished cases and argue that Mr. Thompson "cannot survive a motion to dismiss by including new allegations and claims in his Response" because nothing alleged outside the complaint is proper to consider on a motion to dismiss. Doc. 15 at 2; *see also Erb v. Advantage Sales & Mktg. LLC*, No. 6:11-cv-2629-SLB, 2012 WL 3260446, at *3 (N.D. Ala. Aug. 3, 2012) (cleaned up) ("Motions to dismiss brought pursuant to Rule 12(b)(6) test the sufficiency of the factual allegations contained in the complaint, and a party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion.").

Even if the court were to consider the allegations raised in Mr. Thompson's response to the motion to dismiss, Mr. Thompson does not allege that he is an individual with a disability. *See* Docs. 4, 14. Absent such an allegation, Mr. Thompson has not alleged that he has standing to remedy Fair Housing Act violations on behalf of third parties with disabilities. *See Aaron Priv. Clinic Mgmt. LLC v. Berry*, 912 F.3d 1330, 1339 (11th Cir. 2019) (cleaned up) ("A plaintiff must satisfy three criteria to bring claims on behalf of third parties: (1) the plaintiff must have suffered an injury-in-fact that gives it a sufficiently concrete interest in the

5

dispute; (2) the plaintiff must have a close relationship to the third party; and (3) there must be a hindrance to the third party's ability to protect its own interests.").

Upon dismissal of the Fair Housing Act claims, Mr. Thompson has only negligence and contract claims remaining. Doc. 4 at 2.

When "no basis for original federal jurisdiction presently exists, [a] district court has the discretion to decline to exercise supplemental jurisdiction." *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1123 (11th Cir. 2005); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ."). The decision whether to exercise supplemental jurisdiction "should be and is vested in the sound discretion of the district court." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). In making that decision, the court "should take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) (cleaned up).

Here, those concerns weigh in favor of dismissing the state law claims. The case has been pending for little more than a year. *See* Doc. 1. Service has not been completed on all defendants. *See* Doc. 13. Further, "[r]esolution of [Mr. Thompson's] state law claims depends on determinations of state law." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997). "State courts,

6

not federal courts, should be the final arbiters of state law." *Id*. The court's discretion, coupled with the state-court role as final arbiters of state law, warrants dismissal of Mr. Thompson's state-law claims so that they may be resolved by the Alabama courts. "This is especially true here where the [c]ourt is dismissing [Mr. Thompson's] federal law claim prior to trial." *Id*.

## IV. CONCLUSION

For the reasons explained above, the defendants' motion to dismiss is **GRANTED**. The Clerk of Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** this 24th day of November, 2025.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE